UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER MERCED-NIEVES, | : | 3:17-cv-1412 |
| Petitioner | : | |
| vs. | : | Hon. John E. Jones III |
| WALTER J. BALTAZAR, | : | |
| Respondent | : | |

**MEMORANDUM**

**April 9, 2019**

## I. Background

Petitioner, Walter Merced-Nieves, an inmate currently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner challenges his sentence from a 1998 conviction imposed by the United States District Court for the District of Puerto Rico in *United States v. Merced-Nieves*, No. 3:97-cr-00072-DRD-7 (D. P.R. (San Juan)).

Merced-Nieves, along with others, was involved in a multi-kilogram drug conspiracy involving heroin, cocaine, cocaine base, and marijuana from August 1990 through April 1997. *Id*. The conspiracy involved purchasing various drugs at wholesale prices; then cutting, cooking, and repackaging the drugs; reselling them at various drug points; and providing protection during these activities. *Id*.

As part of the conspiracy, carjackings were committed – with the cars used for drive-by shootings of rival drug-trafficking organizations. *Id.*

On July 15, 1998, Petitioner was found guilty in the District of Puerto Rico on the following counts: 1) conspiracy to distribute in excess of five kilograms of heroin, in excess of five kilograms of cocaine, in excess of five kilograms of a cocaine base, and in excess of 100 kilograms of marijuana pursuant to 21 U.S.C. § 846; and 2) possession of a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1), and aiding and abetting pursuant to 18 U.S.C. § 2. *Id.* On December 11, 1998, he was sentenced to life for drug trafficking and to a consecutive five-year sentence for possession of a firearm in relation to drug trafficking. *Id.*

In addition to his federal conviction and sentence, Merced-Nieves was convicted of two counts of murder, two counts of attempted murder, and possession of firearms used to commit murder under Puerto Rico law. (Doc. 1, petition at 56). He received concurrent sentences on the Puerto Rico Commonwealth charges, for a total of 99 years imprisonment. *Id.*

On October 17, 2000, the United States Court of Appeals for the First Circuit upheld Merced-Nieves' convictions, and certiorari was denied on June 25, 2001. *U.S. v. Merced-Nieves*, 248 F.3d 1128, *cert. denied*,533 U.S. 931 (2001).

On August 12, 2002, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *Merced-Nieves v. United States*, No. 3:02-CV-02208 (D. P.R.). Petitioner raised allegations that his sentence violated his Fifth Amendment right to due process and his Sixth Amendment rights to a jury determination of guilt beyond a reasonable doubt and his right to effective assistance of counsel. *Id*. Specifically, Petitioner alleged ineffective assistance for failure of counsel to raise the issue at both the sentencing hearing and direct appeal levels that the maximum sentence was limited to the statutory maximum penalty for a conspiracy to distribute marijuana. *Id*. Additionally, Petitioner challenged his conviction based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), asserting that the jury was required to specifically determine the types and quantities of drugs to the extent that these facts increased his sentence. *Id*.

By Order dated June 3, 2003, Petitioner's 2255 motion was denied. *Merced-Nieves v. United States*, No. 3:02-CV-02208 (D. P.R.). The Court, in approving and adopting the February 25, 2003 Report and Recommendation of the Magistrate Judge, found the evidence at trial overwhelmingly established his involvement in a large scale drug-trafficking conspiracy in which he participated, with the quantities of the narcotics being in excess of what was alleged in the indictment – amounts in excess of five kilograms of heroin, five kilograms of cocaine, five kilograms of cocaine base, and 100 kilograms of marijuana. *Id*.

With respect to *Apprendi*, the sentencing court observed that the Supreme Court in *Apprendi* had held that facts, other than the fact of a prior conviction, which increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id*. Because the statutory range for Merced-Nieves' drug trafficking conviction was ten years to life, and he had received a life sentence, the sentencing court found there was no *Apprendi* violation. *Id*. The Court further noted that, with the evidence at trial overwhelmingly establishing that the drug quantities far exceeded the minimum requirements, if there was any error, it was harmless. *Id*.

On August 9, 2012, Merced-Nieves filed a second motion to vacate, set aside or correct sentence pursuant to 28 U.S.S. § 2255. *See Merced-Nieves v. United States, No.* 3:12-CV-1652 (D. P.R.). The sole issue raised was ineffective assistance of counsel during plea negotiations, prior to trial. *Id*. By Order dated November 25, 2013, the Court dismissed the second motion for lack of jurisdiction, for Petitioner's failure to seek or obtain the requisite authorization from the Court of Appeals to file a successive § 2255 motion. *Id.*

On August 10, 2017, Petitioner filed the instant § 2241 habeas petition with this Court. (Doc. 1). He raises the following two issues: (1) that his maximum sentence should have been five years under § 841(b)(1)(C) under *Apprendi*, and (2) his federal convictions violate the Double Jeopardy clause because they relied on

the same evidence underlying his Puerto Rico convictions for drug conspiracy and murder. *Id*.

On June 29, 2018, Petitioner filed a motion, requesting permission from the United States Court of Appeals for the First Circuit, to file a second or successive petition, through which he would challenge his drugs and firearms convictions pursuant to *Puerto Rico v. Sánchez Valle*, 136 S. Ct. 1863 (2016), *Dean v. United States*, 137 S. Ct. 1170 (2017), and other specified decisions. *See Merced-Nieves v. United States, No.* 18-1625 (1st Cir. 2018). By judgment dated August 3, 2018, the First Circuit denied Petitioner's application, holding that "with his cursory filing, petitioner has failed to make the *prima facie* showing necessary to garner relief. *See Evans-Garcia v. United States*, 744 F.3d 235, 237 (1st Cir. 2014) (required *prima facie* showing is "a sufficient showing of possible merit to warrant a fuller exploration by the district court")." *Id*.

## II. DISCUSSION

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Addonizio*, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) ("a section

2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence."); *Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (*per curiam*)).

Conversely, a federal prisoner may challenge the execution of his sentence, such as a claim concerning the denial or revocation of parole, or the loss of good-time credits, by filing a § 2241 petition in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal

prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Application of Galante*, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." *Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); *see In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)). This "safety-valve" clause is to be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 F. App'x at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law."). The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. *See In re Dorsainvil*, 119 F.3d at 251-52; *Dusenbery v. Oddo*, Civ. No. 17-2402, 2018 WL 372164, at *3

(M.D. Pa. Jan. 11, 2018) (citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." *Long*, 611 F. App'x at 55; *see Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), *cert. denied*, 488 U.S. 982 (1988) (providing that prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); *Litterio*, 369 F.2d at 396. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986), *cert. denied,* 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d at 1165.

However, as recognized in *Dorsainvil*, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal, so, as to avoid a complete miscarriage of justice. *Dorsainvil*, 119 F.3d at 251; *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an *Apprendi v. New Jersey*, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (concluding § 2241 may not be used to challenge a determination that the prisoner

was a career offender under U.S.S.G. § 4B1.1 where subsequent statutory interpretation revealed that the conduct at issue could not support a finding that the prisoner was a career offender); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on *Apprendi*." *United State v. Kenney*, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." *Adderly v. Zickefoose*, 459 F. App'x 73, 2012 WL 252416, at *2 (3d Cir. 2012); *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges the imposition of his sentence, not its execution. Therefore, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner has not met this burden. Indeed, his claims do not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion. He also has not shown that other extraordinary circumstances warrant relief.

To date, the First Circuit Court of Appeals has already denied Petitioner an opportunity to file a second or successive petition § 2255 motion with the sentencing court based on similar challenges to his conviction and sentence. The denial of such application does not, however, render § 2255 inadequate or ineffective to address his claims. Thus, Petitioner may not raise his unsuccessful challenges to his conviction and sentence by way of § 2241.

Moreover, to the extent Merced-Nieves asserts that the statutory maximum sentence for his drug conspiracy was five years, his claim is without merit. In accordance with the quantities of drugs Petitioner was found to have conspired to distribute, Title 21 U.S.C. § 841(b)(1)(A)(i), (ii) dictates a term of imprisonment of not less than 10 years or more than life. *Id*.

Finally, Petitioner claims that his conviction is unconstitutional in light of *Puerto Rico v. Sánchez–Valle*, ––– U.S. ––––, 136 S.Ct. 1863, 1869–1877, 195 L.Ed.2d 179 (2016),

In *Sánchez Valle*, "the Supreme Court took pains to acknowledge the 'distinctive, indeed exceptional, status as a self-governing Commonwealth' that Puerto Rico occupies today, ... the issue presented in that case—whether Puerto Rico and the United States are different sovereigns for purposes of the dual-sovereignty doctrine—compelled the Court to look .... to the distant past to ascertain 'the 'ultimate source' of Puerto Rico's prosecutorial power.'" *United*

*States v. Maldonado–Burgos*, 844 F.3d 339, 344–45 (1st Cir. 2016) (quoting *Sánchez–Valle*, 136 S.Ct. at 1874.)

The Supreme Court held that for purposes of the Double Jeopardy Clause, the Puerto Rico and United States governments constitute a single sovereign, in as much as the former's power to prosecute derives from the latter's. Thus, the Commonwealth's prosecution, conviction, and sentence of an individual bars his subsequent prosecution by federal authorities for the same conduct under equivalent criminal law. *See United States v. Colón*, No. 15–396 (GAG), 213 F.Supp.3d 297, 297–98, 2016 WL 5793727, at *1 (D.P.R. Oct. 4, 2016).

> If an entity's authority to enact and enforce criminal law ultimately comes from Congress, then it cannot follow a federal prosecution with its own. That is true of Puerto Rico, because Congress authorized and approved its Constitution, from which prosecutorial power now flows. So, the Double Jeopardy Clause bars both Puerto Rico and the United States from prosecuting a single person for the same conduct under equivalent criminal laws.

*Sánchez–Valle,* 136 S.Ct. at 1877.

Petitioner requests habeas relief in light of the "new recognized right" in *Sánchez–Valle*. The Supreme Court did not expressly declare its ruling would apply retroactively. *See Tyler v. Cain*, 533 U.S. 656, 668 (2001) (O'Connor, J., concurring) (noting that a rule has been made retroactive by the Supreme Court if the Court expressly declares it retroactive or issues multiple holdings that "logically dictate ... retroactivity"). With certain narrow exceptions, federal courts

11

are prohibited from granting habeas petitioners relief based on "new" rules of constitutional law established after their convictions become final. *Teague v. Lane*, 489 U.S. 288, 310 (1989); *Bradshaw v. Stumpf*, 545 U.S. 175, 190 (2005).

*Sánchez–Valle*'s prospective impact on the prosecution of crimes in Puerto Rico is uncontested. However, "absent an express declaration, or a logical hint from the Supreme Court, this Court cannot pronounce its retroactivity." *Santana-Rios v. United States*, 235 F. Supp. 3d 386, 388 (D. P. R. 2017). *Sánchez–Valle* was decided by the United States Supreme Court on June 9, 2016, eighteen years after Petitioner's sentencing. As such, *Sánchez–Valle* does not currently apply to Petitioner's conviction. Thus, the Court will dismiss Petitioner's petition for a writ of habeas corpus for lack of jurisdiction.

### III. CONCLUSION

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Oddo,* 2018 WL 372164, at *4. Accordingly, because there is no basis for a determination that § 2255 is inadequate or ineffective, the § 2241 petition will be dismissed without prejudice for lack of jurisdiction. Because Petitioner is not detained pursuant to a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order will enter.